UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONALD ADDISON MANZANO,

                    Plaintiff,

-against-

MIDLAND CREDIT MANAGEMENT,

                    Defendant.

1:23-CV-5920 (JGLC)

ORDER OF SERVICE

---

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Donald Addison Manzano, of New York, New York, brings this *pro se* action asserting claims under the Fair Credit Reporting Act ("FCRA"). He sues Midland Credit Management Inc., of Troy, Michigan. The Court construes Plaintiff's complaint as asserting claims under the FCRA and state law.

By order dated July 17, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service on the defendant.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date that a summons is issued.

To allow Plaintiff to effect service on the defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons for the defendant, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service on the defendant.

If the complaint is not served on the defendant within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue a summons for the defendant, complete a USM-285 form with the address for the defendant, and deliver all documents necessary to effect service on the defendant to the U.S. Marshals Service.

SO ORDERED.

Dated:   August 14, 2023
         New York, New York

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Midland Credit Management Inc.
320 East Big Beaver Road, Suite 300
Troy, Michigan 48083